**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GAVEN DANIEL ALEXANDER, | Civil Action No. 18-8926 (MAS) |
| Petitioner, | |
| v. | **OPINION** |
| SANDRA MUELLER, | |
| Respondent. | |

**SHIPP, District Judge**

This matter has been presented to the Court by Petitioner Gaven Daniel Alexander's ("Petitioner") filing of a habeas Petition pursuant to 28 U.S.C. § 2241, challenging his pretrial detention. (Pet., ECF No. 1.) For the reasons stated herein, the Court will dismiss the habeas Petition without prejudice, as Petitioner has neither exhausted his state-court remedies nor presented extraordinary circumstances sufficient to warrant habeas relief. In addition, Petitioner is denied a certificate of appealability.

### I.   BACKGROUND

Petitioner filed his Petition in May of 2018. (*See* Pet.) In his Petition, he states that he is a pretrial detainee, currently detained at Ocean County Jail, and is the subject of wrongful imprisonment. (*Id.* at 2–3.) Specifically, Plaintiff alleges claims of ineffective assistance of counsel, speedy trial, double jeopardy, and violations of due process at his grand jury proceeding. (*Id.* at 7–8.) He requests immediate release and adequate representation. (*Id.* at 8.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, habeas relief may be extended to a prisoner when he "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III. ANALYSIS

As a pretrial detainee, Petitioner's challenge to the validity of his confinement at Ocean County Jail and his request for release is properly brought pursuant to 28 U.S.C. § 2241. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States[.]") (quotation marks and citation omitted). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445–46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). Thus, the Third Circuit held in *Moore* that although federal district courts have jurisdiction to hear the habeas challenges of state pre-trial detainees, "jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443

2

(citations omitted). Thus, where a petitioner fails to show extraordinary circumstances, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

It does not appear that Petitioner has exhausted any of the claims he seeks to raise here through state remedies. He states only that he has filed a grievance with the Ethics Committee, and the Judiciary to the Secretary Advisory Committee, in addition to various motions. (Pet. 4.) That does not establish that Petitioner has presented his claim to the highest state court. The Court also finds that Petitioner has failed to allege extraordinary circumstances sufficient to qualify for pre-exhaustion habeas corpus relief. *See, e.g., Duran*, 393 F. App'x. at 4 (affirming dismissal of § 2241 petition alleging that petitioner was subjected to warrantless arrest, was detained without probable cause hearing, and that state court had imposed excessive bail). Because Petitioner raises a speedy trial claim, the Court also notes that in *Moore*, the Third Circuit held that there was nothing in the nature of the speedy trial right to qualify it as a *per se* extraordinary circumstance. *See* 515 F.2d at 445–46 (explaining that Petitioner's speedy trial claims will still be available to him "as an affirmative defense at trial and thereafter, on appellate review.").

Because Petitioner has yet to exhaust his claims in state court and he fails to present extraordinary circumstances, this action appears to be an attempt by Petitioner to litigate alleged constitutional claims prematurely in federal court. As such, the Court will dismiss Petitioner's habeas Petition without prejudice at this time.

### IV. CERTIFICATE OF APPEALABILITY

Petitioner is required to obtain a certificate of appealability to the extent he wishes to challenge this Court's dismissal of his Petition. *See* 28 U.S.C. § 2253(c)(1)(A) (explaining that

unless a certificate of appealability is issued, an appeal may not be taken from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"); *see also Thomas v. Warden*, No.16-685, 2016 WL 756558, at *3 n.2 (D.N.J. Feb. 26, 2016) (explaining that a certificate of appealability is required for a petition seeking pretrial habeas relief under 28 U.S.C. § 2241(c)(3)).

In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's decision to dismiss Petitioner's habeas Petition for failure to exhaust or show extraordinary circumstances, the Petition is inadequate to deserve encouragement to proceed further. Accordingly, the Court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons stated above, the Petition for a writ of habeas corpus (Pet., ECF No. 1) will be dismissed without prejudice and Petitioner will be denied a certificate of appealability. An appropriate order follows.

Dated: 19th April, 2021

**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**